UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JELANI B.,** | Civil Action No. 20-6459 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **WILLIAM ANDERSON,** | |
| Respondents. | |

Presently before the Court is the petition for a writ of habeas corpus of Petitioner Jelani B. filed pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  Following an order to answer, the Government filed a response to the petition (ECF No. 5), to which Petitioner replied.  (ECF No. 6).  For the following reasons, Petitioner's habeas petition is dismissed without prejudice.

**I.  BACKGROUND**

Petitioner is a native and citizen of Jamaica who entered the United States on a nonimmigrant visitor visa in 2003 with authorization to remain in this country for a period not to exceed December 1, 2003.  (Document 1 attached to ECF No. 5 at 1).  Petitioner remained in the United States long after this period expired, however.  (*Id.*).  During his time in this country, Petitioner amassed a number of minor convictions, including a 2018 conviction for resisting arrest and possession of a small quantity of marijuana.  (Document 2 attached to ECF No. 5 at 3).  While detained in the Passaic County Jail, on May 9, 2019, Petitioner was served with a notice to appear charging him with being removable based on his having overstayed his temporary visa.  (*Id.*; Document 1 attached to ECF No. 5 at 1-2).  Petitioner was taken into immigration detention on that date, and has remained in immigration detention since May 2019.  (Document 3 attached to

1

ECF No. 5). On July 12, 2019, Petitioner was served with explicit notice that immigration officials had determined that he was "subject to discretionary detention under" 8 U.S.C. § 1226(a). (*Id.* at 3). This notice explicitly informed him that he could request "a bond hearing to review this custody determination." (*Id.*). Despite being provided this information, Petitioner never requested a bond hearing during his detention because he believes that his prior convictions render him subject to mandatory detention under 8 U.S.C. § 1226(c). (ECF No. 6 at 1).

On December 17, 2019, Petitioner was ordered removed by an immigration judge. (Document 4 attached to ECF No. 5). He appealed, and on May 14, 2020, the Board of Immigration Appeals dismissed his appeal. (Document 5 attached to ECF No. 5). Petitioner thereafter filed a petition for review and a motion seeking a stay of removal with the Third Circuit. (Document 6 attached to ECF No. 5). On May 26, 2020, the Third Circuit entered an order temporarily granting the motion for a stay of removal pursuant to a standing order of the Court of Appeals. (*Id.* at 3). Because Petitioner has received a stay of removal, he remains subject to pre-final order of removal detention at this time.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction,

and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his habeas petition Petitioner argues that his ongoing immigration detention has become unduly prolonged, and that he should therefore be granted either release or a bond hearing at which the Government bears the burden of proving that he is either a flight risk or danger to the community. Petitioner bases this argument, however, on his mistaken belief that he is currently detained pursuant to the mandatory detention authority of 8 U.S.C. § 1226(c). This is not the case – as the Government readily concedes, Petitioner's criminal convictions "do not fall under the types of convictions that mandate detention under § 1226(c)."[1] (ECF No. 5 at 2 n. 1). Indeed, upon being taken into custody, Petitioner was explicitly informed that he was being removed based on his overstay of his visa period and that he was being detained pursuant to the Government's discretionary authority to detain aliens pending removal proceedings pursuant to 8 U.S.C. § 1226(a). (Document 1 attached to ECF No. 5 at 1; Document 3 attached to ECF No. 5 at 3). It is thus clear that Petitioner is not detained pursuant to § 1226(c), but is instead detained pursuant to § 1226(a) and his request for a bond hearing must be evaluated based on that status.[2]

---

[1] In the event that Petitioner requests a bond hearing and the immigration judge, contra the Government's express concession in this matter, finds Petitioner subject to § 1226(c) mandatory detention, he is free to file a new habeas petition challenging his ongoing period of detention.

[2] Although Petitioner is subject to an administratively final order of removal following the BIA's dismissal of his appeal, because he filed a petition for review and has been granted a temporary stay of removal by the Third Circuit, he remains subject to pre-final order detention unless and until the Third Circuit either vacates his temporary stay or decides his petition for review. *See, e.g., Leslie v. Attorney General of the United States*, 678 F.3d 265, 268-70 (3d Cir. 2012).

Pursuant to § 1226(a), the Government is authorized to detain or release an alien subject to removal proceedings pending a final order of removal. *See Jennings v. Rodriguez*, --- U.S. ---, ---, 138 S. Ct. 830, 838 (2018). In those cases in which the Government chooses to detain an alien, the alien is free to request a bond hearing before an immigration judge. *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). At a bond hearing under the statute, the alien bears the burden of proving that he is neither a danger to the community nor a flight risk. *Id.* at 279. Where the immigration judge denies bond and the underlying bond hearing was not otherwise held in a fashion violative of Due Process, "[n]o court may set aside any action or decision taken by [the immigration judge] . . . . regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id.* (quoting 8 U.S.C. § 1226(e)).

In this matter, Petitioner admits that, because he mistakenly believes he is subject to mandatory detention, he has never requested a bond hearing under § 1226(a). (*See* ECF No. 6 at 1). Immigration detainees seeking to invoke this Court's habeas jurisdiction, however, must exhaust all administrative remedies before they may seek habeas relief in federal court. *See Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003); *Yi v. Maugans*, 24 F.3d 500, 503-04 (3d Cir. 1994). "[E]ven when an alien is attempting to prevent . . . [removal] proceeding[s] from taking place in the first instance and is thus not, strictly speaking, attacking a final order of [removal] . . . , it is well settled that judicial review is precluded if the alien has failed to avail himself of all administrative remedies." *Duvall*, 336 F.3d at 233. Because the exhaustion requirement is jurisdictional, the failure of a habeas petitioner to present his claims first to the immigration courts is "fatal to the District Court's jurisdiction over [his] habeas petition." *Id.* Here, Petitioner has an administrative remedy available – if he wishes to seek his release, he must do so by seeking a bond hearing before an immigration judge pursuant to § 1226(a). That he has not done so renders his

current request for a bond hearing or release unexhausted, which in turn deprives this Court of jurisdiction over the claims raised in his habeas petition. Petitioner's habeas petition must therefore be dismissed without prejudice for lack of jurisdiction.

## III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. An appropriate order follows.

Dated: September 17, 2020                    *s/Susan D. Wigenton*
                                             Hon. Susan D. Wigenton,
                                             United States District Judge